942 F.2d 790
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael J. BERRY, Plaintiff-Appellant,
v.
Arthur LEE, et al., Defendants-Appellees.
 No. 90-15979.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1991.*
Decided Aug. 22, 1991.
 
 Before O'SCANNLAIN, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael J. Berry, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of Dr. Wayne Hamblin, one of the defendants named in this 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]
 
 
 3
 We review de novo the district court's grant of summary judgment. Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir.1988). In opposing a summary judgment motion, the non-moving party must set forth facts showing that there exists a genuine issue for trial. Id. Jail personnel violate a prisoner's eighth amendment rights if they are deliberately indifferent to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976).[2]
 
 
 4
 Berry's complaint alleged that while he was a pretrial detainee at the Apache County Jail, he was denied adequate medical care by Dr. Hamblin. In support of his motion for summary judgment, Hamblin provided an affidavit which stated that he consulted with Berry four times during September and October of 1988 to treat Berry for back pain. Hamblin prescribed medications to treat the pain and inflammation; he also recommended that the jail's deputies provide Berry with a softer mattress and allow him to walk around the exercise area. However, Hamblin refused Berry's requests for a stronger narcotic to treat the pain. Berry's opposition to the motion for summary judgment did not rebut these facts, but rather alleged that the drugs prescribed by Hamblin were not adequate to treat his pain.
 
 
 5
 Berry's disagreement with Dr. Hamblin's professional opinion as to the appropriate type of pain medication does not demonstrate that Hamblin was deliberately indifferent to Berry's serious medical needs. See Estelle, 429 U.S. at 106. Accordingly, the district court properly granted summary judgment because Berry failed to establish a genuine issue of material fact and Hamblin was entitled to judgment as a matter of law. See Hutchinson, 838 F.2d at 392.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to Fed.R.Civ.P. 54(b), the district court ordered the entry of final judgment as to Berry's claim against defendant Hamblin
 
 
 [2]
 Because Berry was a pretrial detainee at the time of the alleged wrongful conduct, his section 1983 action arises from the due process clause of the fourteenth amendment rather than the cruel and unusual punishment clause of the eighth amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986). Nevertheless, the eighth amendment guarantees provide a minimum standard of care for determining Berry's right to medical treatment. See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983); Jones, 781 F.2d at 771. Moreover, both the eighth and fourteenth amendments prohibit cruel and unusual punishment. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986)