977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lacey Mark SIVAK, Petitioner-Appellant,
v.
Eugene R. GILMORE, et al., Respondents-Appellees.
Lacey Mark SIVAK, Petitioner-Appellant,
v.
Eugene R. GILMORE, et al., Respondents-Appellees.
 Nos. 91-35230, 91-35602.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 29, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these companion cases, Lacey Sivak, an Idaho state prisoner, appeals pro se the district court's orders granting the defendants' motions for summary judgment and a directed verdict in Sivak's 42 U.S.C. § 1983 action. Sivak contends that he was deprived of property without due process of law by the defendants, Idaho state prison officials. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The district court entered summary judgment for the defendants on Sivak's property deprivation claim on November 29, 1990, but allowed Sivak to proceed to trial on an eighth amendment claim. On December 12, 1990, after a trial on the eighth amendment claim, the district court granted the defendants' motion for a directed verdict. Sivak does not challenge the district court's conclusion on the eighth amendment issue on appeal, and thus, the issue is waived. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) (issues not addressed in a brief are deemed abandoned). On February 8, 1991, the district court entered a final judgment in favor of the defendants as to all claims and parties in this action.[1]
 
 
 4
 Summary judgment is appropriate if the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In opposing the summary judgment motion, the non-moving party may not rest on conclusory allegations, but rather must set forth facts showing that there exists a genuine issue for trial. Hutchison v. United States, 838 F.2d 390, 392 (9th Cir.1988)
 
 
 5
 The district court construed Sivak's pleadings as raising a challenge to the reasonableness of Department of Corrections Policy and Procedure 320-C ("DOC 320-C"), which regulates the type and quantity of property that various classifications of inmates may have. The defendants assert that various unauthorized items were confiscated from Sivak's cell pursuant to this regulation. The regulation is more stringent for higher security prisoners. Sivak is a death row inmate. Thus, the property he may keep in his cell is relatively more restricted than in the case of other prisoners. The defendants assert that the purpose of the regulation is to ensure safety and the orderly administration of the prison. The district court correctly determined that Sivak's claim was without merit because the regulation was reasonably related to a valid penological interest. See Turner v. Safley, 482 U.S. 78, 89-90 (1987).
 
 
 6
 To the extent that Sivak alleges that various items of property were intentionally destroyed or not returned, his claim fails. Intentional deprivations of property by a state official do not violate the due process clause if a meaningful postdeprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, Sivak has both state remedies and prison grievance procedures available to him. Thus, Sivak fails to raise a genuine issue for trial on this claim. See id.; Hutchison, 838 F.2d at 392.
 
 
 7
 To the extent that Sivak is alleging that his property was lost or destroyed as a result of official negligence, his claim also fails. See Daniels v. Williams, 474 U.S. 327, 330-32 (1986) (mere negligence or lack of due care does not constitute a deprivation of a constitutional right and is not actionable under section 1983). Therefore, Sivak failed to set forth facts showing that there was a genuine issue for trial. See Hutchison, 838 F.2d at 392.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sivak filed his notice of appeal on December 28, 1990. The appellees argue that there was no final order to appeal until the court issued the February 8, 1991 order. Thus, the defendants assert that there is no final appealable order and consequently, that this court lacks jurisdiction to hear this appeal. We disagree
 The final disposition of the action on February 8, 1991 cured Sivak's premature appeal. See In re Eastport Assocs., 935 F.2d 1071, 1075 (9th Cir.1991) (entry of final judgment cures premature appeal). Accordingly, this court has jurisdiction to consider Sivak's appeal. See id.