981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond Ludwig FROST, Plaintiff-Appellant,
v.
Thomas LUTZ, et al., Defendants-Appellees.
 No. 92-16053.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 11, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Ludwig Frost, an Arizona state prisoner, appeals pro se the district court's denial of his motion for preliminary injunctive relief. He contends that prison officials have been deliberately indifferent to his serious medical needs by: (1) delaying medical treatment and (2) providing inadequate medical treatment in violation of the eighth amendment. This court's review of an order denying preliminary injunctive relief is limited to determining whether the district court has abused its discretion by using erroneous legal standards or by using clearly erroneous findings of fact. Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and we affirm.
 
 
 3
 " 'To obtain a preliminary injunction, a party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor.' " Portland Feminist Women's Health Center v. Advocates for Life, Inc., 859 F.2d 681, 684 (9th Cir.1988) (quoting Apple Computer, Inc. v. Formula Int'l, Inc., 725 F.2d 521, 523 (9th Cir.1984)). " 'These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.' " Hunt v. Nat'l Broadcasting Co., Inc., 872 F.2d 289, 293 (9th Cir.1988) (quoting United States v. Odessa Union Warehouse Co-op, 833 F.2d 172, 174 (9th Cir.1987)). "At a minimum, the party seeking the injunction 'must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation.' " Id. (quoting Arcamuzi v. Continental Air Line, Inc., 819 F.2d 935, 937 (9th Cir.1987)).
 
 
 4
 To establish a likelihood of success on the merits, Frost would have to show that prison officials were deliberately indifferent to his serious medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Failure to provide a medical staff competent to examine and diagnose inmates' problems violates the eighth amendment. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.1989) (per curiam) (citing Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir.1982)). Nevertheless, mere negligence related to medical problems is not enough to make out a violation of the eighth amendment. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988) (citing Estelle, 429 U.S. at 104). Furthermore, a difference of opinion between a prisoner and prison medical staff regarding treatment does not amount to deliberate indifference to a prisoner's medical needs. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). A mere delay in treatment, without more, is also insufficient to state of claim of deliberate medical indifference; the delay must have caused substantial harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990) (citing Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (delay of five years for knee surgery resulting in permanent injury is deliberate indifference)).
 
 
 5
 Here, the record indicates that Frost consulted with, was examined by or was treated by both Arizona Department of Corrections medical staff and outside medical providers regarding dental, orthopaedic and urinary problems on several occasions during the time period referred to in his motion. Moreover, by his own acknowledgement, he has been seen by various medical professionals at least twenty-eight times in a period of two years, including one appointment he missed, and one he refused.
 
 
 6
 Frost requests that he be given a full examination and that his medical files be reviewed by health providers unaffiliated with the Arizona Department of Corrections or Maricopa County Hospital. He contends that at least one of the physicians by whom he was seen failed to read his chart before improperly diagnosing his orthopaedic ailment. Nevertheless, his allegations of medical negligence are not sufficient to state a claim of deliberate indifference. See Hutchinson, 838 F.2d at 394 (citing Estelle, 429 U.S. at 104). Therefore, it is unlikely that Frost could succeed on the merits of this action. See Portland, 859 F.2d at 684.
 
 
 7
 Moreover, while the issue of adequate medical care is a serious one, the record shows that Frost has received continuous medical care while he has been in ADOC custody. In addition, he continues to receive medical care despite his assertions that defendants have not provided him with adequate medical treatment. Essentially, Frost disagrees with the type of medical care provided by the Arizona Department of Corrections medical staff. Nevertheless, a mere difference of opinion as to treatment is not sufficient to state a claim under section 1983 for deliberate indifference. Sanchez, 891 F.2d at 242. Further, Frost is not entitled to the relief he requests. See Roberts v. Spalding, 783 F.2d 867, 870 (9th Cir.) ("A prison inmate has no independent constitutional right to outside medical care additional and supplemental to medical care provided by staff within the institution."), cert. denied, 479 U.S. 930 (1986).
 
 
 8
 Therefore, Frost fails to establish even the minimum requirements for obtaining preliminary injunctive relief, and the district court properly denied his motion.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3