991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin Munroe LITTRELL, Plaintiff-Appellant,
v.
Samuel A. LEWIS, et al., Defendant-Appellee.
 No. 92-16422.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 15, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Melvin Munroe Littrell, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 action. Littrell contends that he was denied potable water and a special diet while he was incarcerated at the Arizona State Prison Complex in Florence (ASPC-F). We have jurisdiction under 28 U.S.C. § 1291, and review de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). We affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. Summary judgment is not appropriate if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 4
 To establish a violation of the eighth amendment, a prisoner must show that prison officials showed deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989). A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's eighth amendment rights. Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir.1988). Nor does a difference of opinion over proper medical treatment. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). A prisoner must show that prison officials have purposefully ignored or failed to respond to the prisoner's pain or medical need in order to establish medical indifference. McGuckin, 974 F.2d at 1060.
 
 
 5
 In their motion for summary judgment, the defendants submitted an affidavit from Dr. McKinley, a doctor at ASPC-F, stating that he has examined Littrell several times, and that Littrell "exhibited no evidence of any kind of allergic reaction, no rashes or eruptions, no red eyes or runny nose." McKinley further stated that, in his medical opinion, Littrell has no medical condition requiring a special diet. The defendants also submitted an inorganic chemical analysis of the water used by the prison. That analysis shows acceptable levels of all contaminants tested. Finally, the defendants submitted affidavits from Warden Crist and Deputy Warden McFadden, stating that Littrell drank tap water with no negative reaction when he thought that it was bottled water, and that Littrell regularly drank coffee with no negative reaction, until he discovered it was made from tap water.
 
 
 6
 In opposition to the defendants' summary judgment motion, Littrell submitted a letter from Dr. Dorothy Gault, stating that Littrell has asthma and is allergic to penicillin, monosodium glutimate, and nitrates. The letter also states: "[i]t seems that the water he is given at this time makes him vomit, so I assume it has some contaminant in it to which Mr. Littrell is allergic."
 
 
 7
 Littrell has not met his burden to defeat the defendants' summary judgment motion. Littrell's claims that the food and water at ASPC-F were making him sick establish no more than a difference of opinion as to proper medical treatment, and thus do not demonstrate deliberate indifference to Littrell's serious medical needs. See Sanchez, 891 F.2d at 242. Dr. Gault's statement that the water seemed to be making Littrell sick does not establish a genuine issue of material fact, because it is based only on what Littrell told her, not on her own examination. The defendants have submitted evidence that the water is potable, and that Littrell is not showing signs of allergic reaction. Even if the medical staff at ASPC-F was negligent in concluding that Littrell's condition did not warrant a special diet or bottled water, that negligence would not rise to the level of deliberate indifference. See Hutchinson, 838 F.2d at 392; Toussaint v. McCarthy, 801 F.2d 1080, 1112 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987), and cert. denied, 481 U.S. 1069 (1987) (delay in providing a special diet does not constitute deliberate indifference).
 
 
 8
 Medical staff at ASPC-F examined Littrell several times, and determined that his condition did not require special dietary measures. Because Littrell therefore cannot show that the defendants purposefully ignored his condition, he cannot establish deliberate indifference. See McGuckin, 974 F.2d at 1060. Accordingly, the district court did not err in granting the defendants' motion for summary judgment. See Celotex, 477 U.S. at 322; Taylor, 880 F.2d at 1045.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3