992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry TURNER, Plaintiff-Appellant,
v.
John SMYTHE, et al., Defendants-Appellees.
 No. 92-16762.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided April 30, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry Turner, a Hawaii state prisoner, appeals pro se the district court's order granting summary judgment to the defendants in his 42 U.S.C. § 1983 civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Appellant brought this action against prison officials, alleging that his Eighth and Fourteenth Amendment rights had been violated in connection with his administrative segregation for threatening prison staff. The district court adopted the magistrate-judge's findings and recommendation granting summary judgment for defendants on the grounds of res judicata, collateral estoppel, immunity, and failure to state a constitutional claim.
 
 
 4
 This court reviews an award of summary judgment de novo. See Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir.1988). Summary judgment is proper when there are no genuine issues as to any material fact. Fed.R.Civ.P. 56(c). There is no genuine issue of material fact when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The nonmoving party must produce some evidence or specific facts to rebut the factual allegations and evidence in the motion for summary judgment. See id. at 586-87.
 
 
 5
 Appellant alleged that his due process rights were violated when he was placed in administrative segregation without a hearing. Appellant argues that state laws and regulations create a substantive due process right to a hearing in such circumstances. Appellant has litigated this issue in at least one prior action and lost. See Turner v. Shimoda, 936 F.2d 580 (9th Cir.1991) (Table, Text in Westlaw) (appellant had no constitutional right to a hearing upon placement in administrative segregation; state regulations conferred no such liberty interest). Consequently, appellant's claim is barred by res judicata and collateral estoppel.[1] See Robi v. Five Platters, Inc., 838 F.2d 318, 321-22 (9th Cir.1988).
 
 
 6
 Appellant also alleged that his due process and equal protection rights were violated by his lack of access to correctional programming and adequate library time while in segregation. The magistrate-judge properly rejected these claims, noting that appellant has no constitutional right to correctional or rehabilitative programming, Hoptowit v. Ray, 682 F.2d 1237, 1255 n. 8 (9th Cir.1982), that appellant failed to state a constitutional violation for lack of library access, Bounds v. Smith, 430 U.S. 817 (1977), and that appellant's equal protection rights were not violated because he was not similarly situated to inmates in the general population. Similarly, appellant's claim regarding denial of legal materials was properly rejected for failure to allege or demonstrate any actual injury. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 7
 Appellant's Eighth Amendment claim for denial of adequate psychiatric care while in segregation was properly rejected because appellant's bald and unsubstantiated allegations failed to demonstrate the existence of any serious medical need, let alone any deliberate indifference to such need on the part of prison officials. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).
 
 
 8
 Finally, the district court properly dismissed appellant's remaining state law claims for lack of jurisdiction.[2] See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984) (district court lacks jurisdiction to enforce state law claims); see also Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988) (district court has broad discretion to dismiss pendent state claims).
 
 
 9
 Appellant argues on appeal that the district court erred in vacating the default judgment entered against defendants below. We disagree. District courts have wide latitude in setting aside default judgments, and should err on the side of allowing defendants to proceed. Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir.1987).
 
 
 10
 Because appellant's claims below were barred by res judicata and collateral estoppel and by appellant's failure to state a claim for violation of his federal rights, we affirm the district court's judgment awarding summary judgment to appellees.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we have previously held that appellant's claims regarding placement without a hearing are barred, we reject appellant's claim below that continued segregation without adjustment hearings violated his constitutional rights
 
 
 [2]
 For this reason, the district court did not err in refusing to allow appellant to amend his complaint to add a state law negligence claim, as such amendment would have been futile. See Klamath-Lake Pharm. Assoc. v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir.1983)