993 F.2d 883
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marshall MARTINEZ, Petitioner-Appellant,
v.
Alan KUNIMOTO, Dr., Respondent-Appellee,
Kim M. Thorburg, et al. Respondent-Appellee.
 No. 92-15072.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1993.*
Decided May 11, 1993.
 
 Before: GOODWIN, TANG, and, NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martinez appeals the grant of summary judgment in favor of Dr. Alan Kunimoto--a private ophthamologist--and Kim Thorburg, Criss Kotz, Charlene Salmaine, William Oku, and Harold Falk--employees of the Halawa Medium Security Facility in Hawaii. Martinez claims that appellees were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights.[1] We affirm.
 
 
 3
 * We reject, at the outset, appellees' argument that Martinez's appeal is untimely. Martinez improperly filed his notice of appeal on December 31, 1991, prior to the district court's order of January 2, 1992 and prior to the court's entry of final judgment on February 12. Nonetheless, Martinez filed his opening brief on March 13, within thirty days of the date of the district court's entry of judgment.[2] See Fed.R.App.P. 4.
 
 
 4
 The Supreme Court recently announced the principle that governs this case:
 
 
 5
 While a notice of appeal must specifically indicate the litigant's intent to seek appellate review, the purpose of this requirement is to ensure that the filing provides sufficient notice to other parties and the courts. Thus, the notice afforded by a document ... determines that document's sufficiency as a notice of appeal. If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal.
 
 
 6
 Smith v. Barry, 112 S.Ct. 678, 682 (1992) (citations omitted) (appellate brief may serve as notice of appeal required by Rule 3 of Federal Rules of Appellate Procedure). Martinez's informal brief adequately identifies the basis of his appeal and provides fair notice to appellees, and therefore satisfies the requirement of a timely notice of appeal.
 
 II
 
 7
 Martinez, who suffers from glaucoma, alleged several bases for his claim that appellees were deliberately indifferent to his medical needs: (1) Dr. Kunimoto's inadequate treatment of Martinez, including his decision to treat the disease with drug, rather than laser, therapy; (2) nurse Salmaine's failure to report a complaint by Martinez regarding his medical condition; (3) the failure of Thorburg and Kotz, respectively the Medical Director and Medical Staff Supervisor, to notify their staff about Martinez's condition; (4) the failure of Falk and Oku, both prison administrators, to maintain sufficient funds to enable Martinez to obtain adequate treatment; and (5) the prison officials' "false prescription" of the generic drug Akarpine, rather than Pilocarpine as prescribed by Dr. Kunimoto, to treat Martinez's glaucoma.
 
 
 8
 The district court found that Martinez had not established a genuine issue of material fact regarding whether any of the appellees was deliberately indifferent to his medical needs. We review the grant of summary judgment de novo. Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir.1988).
 
 
 9
 The government has an obligation to provide medical care for its prisoners, and "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). Such conduct is actionable under 42 U.S.C. § 1983. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992).
 
 
 10
 A determination of "deliberate indifference" involves an analysis of "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." Id. Glaucoma is a serious medical condition, so our inquiry centers on appellees' response to Martinez's medical needs. Id. (serious medical need exists if failure to treat condition could result in further significant injury or unnecessary infliction of pain). Hutchinson provides the appropriate framework for our analysis:
 
 
 11
 Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment needs.
 
 
 12
 838 F.2d at 394 (citations omitted).
 
 
 13
 Dr. Kunimoto chose to treat Martinez's glaucoma through the use of medicated eye drops, and he regularly monitored Martinez's eye pressure throughout the course of treatment. Although laser treatment was an alternative treatment option, drug therapy was an acceptable medical procedure. Dr. Kunimoto's professional conduct was not shown to be negligent nor did it exhibit deliberate indifference to Martinez's medical needs.
 
 
 14
 Nurse Salmaine failed to file a report detailing Martinez's complaint that the vision in his left eye had significantly deteriorated. Nonetheless, her action was an "isolated occurrence" which cannot be considered deliberate indifference to Martinez's needs. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990). Although Salmaine improperly failed to file a report, two days later, on March 13, Martinez himself submitted an inmate request form seeking medical treatment. In response, he was examined by a prison doctor at the end of the month. There is therefore no evidence that Salmaine's action caused substantial harm to Martinez.
 
 
 15
 Following his examination by a prison doctor at the end of March, Martinez was not treated by Dr. Kunimoto until May 11. Martinez alleges that this lapse in time was due to a lack of sufficient funds for prisoner medical treatment. He contends that this demonstrates deliberate indifference on the part of two prison administrators, Falk and Oku. Assuming arguendo the truth of Martinez's allegation, a claim under the Eighth Amendment contains a subjective component, requiring an inquiry into the official's state of mind: "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991) (emphasis in original) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Martinez has failed to allege, much less prove, that Falk and Oku were aware of his condition or that they acted in an obdurate or wanton manner.
 
 
 16
 Similarly, while it is open to question whether the medical supervisors, Thorburg and Katz, notified all personnel regarding Martinez's glaucoma, there is no evidence that they failed to provide adequate treatment of his condition.
 
 
 17
 Finally, Akarpine is the generic version of Pilocarpine, which was prescribed by Dr. Kunimoto. Dr. Robert Lau's uncontroverted expert testimony established that the generic version of the medication is as efficacious as the brand name version.
 
 
 18
 Accordingly, summary judgment with regard to Martinez's claims against all of the appellees was properly granted.[3]
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Martinez claimed that appellees "were deliberate [sic] indifference [sic] to his serious medical needs of [sic] which caused unnecessary and wanton suffering that is in violation of petitioners [sic] 5th, & 8th ConSt. [sic] Amendments." Informal Opening Brief at 5. Although we liberally construe a pro se litigant's pleadings, we find that there is no basis for a claim under the Fifth Amendment. Accordingly, we analyze Martinez's appeal as claiming a violation of the Eighth Amendment, made applicable to the states by the Fourteenth Amendment
 
 
 [2]
 The date of filing is complicated by an error in the clerk's office. Although the clerk of court received Martinez's opening brief on March 13, it was not filed on that date because Martinez failed to include an excerpt of record. Martinez, however, was proceeding in forma pauperis and was therefore relieved of the requirement to file excerpts of record. Ninth Circuit Rule 24-1. On April 1, pursuant to a court order waiving this requirement, the clerk filed Martinez's brief. We take notice of the clerk's error and construe the date of filing to be March 13
 
 
 [3]
 The district court also correctly held that any claim by Martinez against appellees in their official capacities is without merit. A state official sued in her official capacity is not a "person" subject to suit under 42 U.S.C. § 1983, unless the suit seeks injunctive relief. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 & n. 10 (1989). Martinez failed to specify what type of injunctive relief would be appropriate in this case. Although we liberally construe the pleadings of a pro se litigant, we agree with the district court's finding that there does not appear to be any particular conduct which Martinez seeks to have enjoined