29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tommy MARTIN, Jr., Plaintiff-Appellant,
v.
J.D. SWINSON, Jr., Defendant-Appellee.
 No. 93-17177.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 16, 1994.
 
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tommy Martin, Jr., a federal prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in his action under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Martin contends that the district court erred by finding that the defendants have provided Martin adequate medical care. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo the district court's summary judgment, Sanchez v. Vild, 891 F.2d 240, 241-2 (9th Cir.1989), and we affirm.
 
 
 3
 "Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain." Id. (citations omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
 
 
 4
 Martin contends that he received inadequate medical care following a fall from a chair at the Unicor Prison Factory in FCI-Phoenix. Specifically, Martin claims that treating doctors have been unable to find an organic cause for his severe back pain and have made little or no effort to treat his injury.
 
 
 5
 "Prisoners can establish an eighth amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).
 
 
 6
 Deliberate indifference may be found where prison officials "deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988). In addition, the Supreme Court has recently held that a prisoner must allege facts sufficient to indicate a culpable state of mind on the part of prison officials in order to demonstrate deliberate indifference. Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991).
 
 
 7
 "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." Hutchinson, 838 F.2d at 394 (citing Estelle, 429 U.S. at 106). Moreover, a difference of opinion does not amount to deliberate indifference to a prisoner's serious medical needs. Sanchez, 891 F.2d at 242.
 
 
 8
 Here, the record indicates that Martin had a history of back pain prior to his accident. Martin was seen by a physician's assistant immediately following his fall, and since that time has been seen by medical staff 45 times. Martin also has seen several specialist neurologists and orthopedists, and had three sets of X-rays and an MRI of the lumbar spine. All physicians find Martin's complaints inconsistent with his physical condition, and have been unable to find a medical basis for Martin's claims of back pain. No specialist has found that Martin has a serious medical problem.
 
 
 9
 While we liberally construe Martin's pro se pleadings, McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992), Martin offers no supporting evidence to show that he was denied medical treatment or that the treatment he received was inadequate. See Hutchinson, 838 F.2d at 393. Instead, the evidence presented shows that Martin disagrees with the diagnosis and medical care he has been provided by various physicians. A mere difference of opinion as to treatment, however, does not give rise to a constitutional claim for deliberate indifference. See Sanchez, 891 F.2d at 242. Therefore, the district court properly granted summary judgment in favor of defendants. Id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3