34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew DOLFINI, Plaintiff-Appellant,
v.
Samuel LEWIS, et al., Defendants-Appellees.
 No. 93-17284.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 9, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrew Dolfini, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment in favor of defendant prison officials in Dolfini's 42 U.S.C. Sec. 1983 action. Dolfini contends that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Ferguson v. Greater Pocatello Chamber of Commerce, Inc., 848 F.2d 976, 979 (9th Cir.1988), and we affirm.
 
 
 3
 "Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain." Id. (citations omitted).
 
 
 4
 "The appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.' " McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992) (citing Hudson v. McMillian, --- U.S. ----, 112 S.Ct. 995, 998 (1992)). "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." Id. A serious medical need is one that, absent treatment, could result in further significant injury or the unnecessary and wanton infliction of pain. Id. (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Once such a medical need has been established, the plaintiff must demonstrate that the defendants have been deliberately indifferent to the need. Id. "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical needs in order for deliberate indifference to be established." Id. Mere negligence related to medical problems does not rise to the level of a constitutional violation. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988) (citing Estelle, 429 U.S. at 104). Moreover, a difference of opinion as to the proper treatment does not amount to deliberate indifference to the prisoner's medical needs. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 5
 Here, the basis of Dolfini's claim is that the defendants have failed to provide him with adequate treatment for the injury to his sphincter and tailbone. Dolfini believes that the only adequate treatment for his injury is surgery. However, the evidence proffered in the district court shows that the defendants were not deliberately indifferent to his alleged serious medical needs.
 
 
 6
 The record shows that Dolfini has been examined and treated by a number of medical personnel, including two outside gastroenterology specialists chosen by the prison and one court-ordered specialist. None of the attending medical personnel have ever found his injury to be significantly abnormal. Only the court-ordered gastroenterologist could recommend any kind of treatment for Dolfini. He originally suggested a topical ointment, and noted that consultation with a surgeon might be necessary if the ointment failed to work. He later revised his opinion concluding that surgery would not be an appropriate treatment. Thus, all three specialists who examined Dolfini ultimately agreed that surgery was not an appropriate treatment for his alleged condition.
 
 
 7
 The record demonstrates that the defendants neither purposely ignored, nor failed to respond to, Dolfini's medical needs. See McGuckin, 974 F.2d at 1060. Moreover, the fact that Dolfini disagrees with the medical personnel and believes surgery to be appropriate amounts to a difference of opinion as to the type of medical care provided and does not give rise to a Sec. 1983 claim for deliberate indifference. See Sanchez, 891 F.2d at 242. Accordingly, the district court did not err by granting summary judgment for the defendants. See Ferguson, 848 F.2d at 979.
 
 
 8
 Dolfini also contends that opposing counsel engaged in unethical conduct by coercing one of the gastroenterologists into changing his original diagnosis and ruling out surgery as an option. Dolfini fails to provide any factual support for this conclusory allegation. See Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988). Furthermore, the physician in question submitted a sworn affidavit clarifying his initial diagnosis. Given the ambiguous wording of his initial diagnosis, it appears that this clarifying affidavit was completed for legitimate reasons.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3