60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ruben H. PAPPAN, Plaintiff-Appellant,
v.
James GOMEZ, Director; M. Roussopoulos; et al.,
Defendants-Appellees.
 No. 94-16846.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruben H. Pappan, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendants in Pappan's 42 U.S.C. Sec. 1983 action alleging deliberate indifference to his safety and serious medical needs. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.[1] We review the district court's summary judgment de novo, see McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and affirm.
 
 
 3
 Pappan alleged that defendants were deliberately indifferent to his serious medical needs by delaying medical treatment for his hip injury and refusing to order him a wheelchair or crutches. In support of defendants' motion for summary judgment, defendant Carter, a medical technical assistant, submitted an affidavit stating that she examined Pappan in his cell when Pappan requested crutches and a wheelchair. Because Pappan refused to come to the front of the cell, Carter observed Pappan walking in his cell, asked him questions about his level of pain, and referred her notes to Dr. Johns. Defendant Dr. Johns submitted an affidavit stating that a number of doctors examined Pappan, x-rayed his hip, and gave him pain medication. When Pappan requested a wheelchair, Dr. Johns instead offered him the option of being placed in the infirmary for pain control and rehabilitation, which Pappan refused. Dr. Johns also states that, after this visit, Pappan had no further complaints of pain or discomfort. Defendants Roussopoulos and Northam submitted affidavits stating that their only involvement with this case was passing along Pappan's request for a wheelchair to defendant Carter.
 
 
 4
 In opposition to defendants' motion for summary judgment, Pappan did not offer any evidence to dispute the fact that he was given adequate medical care for his hip injury. See Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir.1988) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Moreover, Pappan did not establish a genuine issue of material fact showing a culpable state of mind on the part of defendants sufficient to demonstrate deliberate indifference to his hip injury. See Wilson v. Seiter, 501 U.S. 294, 302 (1991).
 
 
 5
 Pappan further alleged that defendant LaPoint was deliberately indifferent to his safety needs when he opened a door to the E-pod to let in another inmate, Chavez. Chavez and Pappan subsequently began fighting, and Pappan injured his hip. In support of defendants' motion for summary judgment, defendant LaPoint submitted an affidavit stating that he believed that Pappan had already left the E-pod when he opened a door to let Chavez into the E-pod. When the Pappan and Chavez began fighting, LaPoint verbally warned them twice before firing a warning shot. Pappan did not present any evidence to show that LaPoint deliberately opened the door to allow Chavez to injure Pappan. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986). In addition, Pappan presented no evidence that LaPoint acted with reckless disregard for his safety. See Farmer v. Brennan, 114 S.Ct. 1970, 1978 (1994).
 
 
 6
 Accordingly, the district court did not err by granting summary judgment for defendants. See McGuckin, 974 F.2d at 1059.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pappan's notice of appeal was timely filed in accordance with Fed.R.App.P. 4(c). Because Rule 4(c) does not require a declaration stating that first-class postage was prepaid, Pappan's declaration to this court was sufficient to show timely filing. Because we must construe Pappan's pro se brief liberally, see Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990), we reject the appellees' contention that Pappan's brief does not comply with the requirements of Fed.R.App.P. 28(a)
 
 
 [2]
 This court has received a motion for leave to file an amicus brief in support of Pappan's appeal and an amicus brief from James F. Piper. Because Piper failed to file his motion or brief within the pleading time limits allowed Pappan, we deny Piper's motion and decline to consider his amicus brief. See Fed.R.App.P. 29