**Richard SPICER, a.k.a. Alexis R Bell, Plaintiff—Appellant,**

v.

**Cal A TERHUNE; et al., Defendants— Appellees.**

**No. 02–16298.**

**D.C. No. CV–00–05020–REC.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 21, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

### MEMORANDUM **

Former California state prisoner Richard Spicer, a.k.a. Alexis Bell, appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that a prison doctor denied him adequate medical care when he stopped prescribing female hormones in connection with his gender identity disorder. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir.1988), and we affirm.

Because appellant provided only his own lay opinion regarding appropriate medical treatment, and failed to provide any com-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

petent evidence that defendant's response to his gain of 29 pounds in six weeks was deficient, the district court properly granted summary judgment. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996) (concluding that a difference of opinion between an inmate and physician regarding treatment does not amount to deliberate indifference).

Furthermore, the district court properly granted summary judgment on appellant's state law negligence claim because appellant failed to produce controverting expert evidence to show defendant's alleged negligence was the proximate cause of the injuries he suffered. *See Hutchinson,* 838 F.2d at 392 (requiring plaintiff to come forward with counter expert evidence when a defendant moves for summary judgment and supports his motion with expert declarations).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.