**KOU LO VANG, Plaintiff—Appellant,**

v.

**Harriston BASS, Dr.; et al., Defendants—Appellees.**

**No. 05–15449.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Kou Lo Vang, Carson City, NV, pro se.

Margaret E. Kerr, Esq., AGNV—Office of the Nevada Attorney General, Las Vegas, NV, for Defendants–Appellees.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Nevada state prisoner Kou Lo Vang appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging prison officials were deliberately indifferent to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and its determination that a prisoner failed to exhaust administrative remedies, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir.2003). We affirm.

The district court properly granted summary judgment to Nurse Callahan because Vang failed to raise a genuine issue of material fact as to whether Callahan denied, delayed, or interfered with the treatment of his ear infection; nor did Vang produce any evidence that the prescribed ear irrigations caused him injury. *See Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988).

The district court properly denied Vang's motion for default judgment and dismissed his claim against Dr. Bass because the allegations against Bass do not satisfy the legal definition of deliberate indifference. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996) (a difference in opinion between inmate and physician regarding treatment does not amount to deliberate indifference).

The district court properly granted summary judgment to medical director D'Amico on Vang's claim regarding Bass's employment because it is undisputed that D'Amico did not hire Bass, and the three

year probationary period following the revocation of Bass's license had expired by the time that Bass's reinstatement was ordered, so further check of Bass's credentials would not have prevented his reinstatement. *See Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (a prison official is deliberately indifferent only if he knows of and disregards a substantial risk of serious harm).

The district court properly dismissed without prejudice Vang's claim that D'Amico failed to respond to his grievances because Vang failed to appropriately utilize the grievance procedures. *See* 42 U.S.C. § 1997e(a).

Vang's motion to appoint counsel is denied because he has not shown exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

**AFFIRMED.**