**Scott W. SKYLSTAD, Plaintiff–Appellant,**

v.

**Jason REYNOLDS; Kurt Vigesaa; Dan Lesser; Brent Austin; Lynette Longshore; City of Spokane; Thomas Stanton; Dave McCabe, County of Spokane; Dan Veloski; Linda Davis; Ryan McElroy; Cheryl Hoffman; Robert Rose; Deaconess Medical Center; Steven Beyersdorf; Michael Carlson, Defendants–Appellees.**

No. 05–35674.

United States Court of Appeals, Ninth Circuit.

Submitted July 17, 2007 *.

Filed Sept. 20, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R. App. P. 34(a)(2).

Scott W. Skylstad, Clallam Bay Corrections Center, Clallam Bay, WA, for Plaintiff–Appellant.

Ellen M. O'Hara, Esq., Office of the City Attorney, Spokane, WA, for Defendants–Appellees.

Before: FARRIS, BOOCHEVER, and LEAVY, Circuit Judges.

### ORDER AND MEMORANDUM **

Scott W. Skylstad (Skylstad) is a Washington state prisoner serving a sentence following a state conviction for first degree robbery and attempting to elude a police

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vehicle. Skylstad appeals pro se the district court's summary judgments in favor of defendants in his action under 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The parties are familiar with the background facts.

## 1. *Amendment of Caption*

We grant Skylstad's request to correct the caption to include defendants-appellees Spokane County, Dan Veloski, Linda Davis, Ryan McElroy, Cheryl Hoffman, Robert Rose, Deaconness Medical Center, Steven Beyersdorf, and Michael Carlson. Skylstad's notice of appeal filed on June 29, 2005, includes a challenge to all judgments of the district court in D.C. No. CV–03–05104. *See Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1364 (9th Cir.1981).

## 2. *Appointment of Counsel*

■ The district court did not abuse its discretion in denying Skylstad's request for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) because Skylstad failed to demonstrate exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

## 3. *Appointment of Experts*

■ The district court did not abuse its discretion in declining to appoint experts to assist Skylstad at public expense under Federal Rule of Evidence 706. *See McKinney v. Anderson*, 924 F.2d 1500, 1511 (1991). This action did not involve complex scientific evidence or complex issues. *Id.*

## 4. *Motion to Compel and Motion for Sanctions*

Skylstad moved to compel defendants to respond to additional interrogatories and moved for contempt for defendants' failure to complete his discovery requests. The district court enjoys wide discretion in managing discovery and assessing whether sanctions are appropriate. *See Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir.1995). The district court acted within its discretion in denying Skylstad's motions to compel and motions for sanctions.

## 5. *Additional Discovery*

■ The district court did not abuse its discretion in denying Skylstad's motions for additional discovery. Skylstad failed to show that "additional discovery would have revealed specific facts precluding summary judgment." *See Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir.2006).

## 6. *Summary Judgment*

We review de novo the district court's decision to grant summary judgment. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir.2002).

■ We affirm the district court's order granting summary judgment to Deaconess Medical Center and Drs. Beyersdorf and Carlson. These defendants are a private hospital and two private doctors, and they were not acting under the color of state law. Private conduct is not within the "protective orbit of section 1983." *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir.1974). The district court did not err in dismissing Skylstad's state law claims for medical malpractice because Skylstad failed to offer any expert testimony that the defendants breached the applicable standard of medical care. *Hutchinson v. United States*, 838 F.2d 390, 393–94 (9th Cir.1988); *Harris v. Groth*, 99 Wash.2d 438, 663 P.2d 113, 120 (1983).

We affirm the district court's order granting summary judgment to the County of Spokane, Dan Veloski, Linda Davis, Ryan McElroy, Cheryl Hoffman, and Robert Rose. We have reviewed de novo all of Skylstad's claims against the County de-

fendants, including claims of retaliation, excessive force, deliberate indifference to medical needs, and state law claims. We adopt the analysis of the district court in its order granting summary judgment to these defendants.

We affirm the district court's order granting summary judgment to the City of Spokane, Jason Reynolds, Kurt Vigesaa, Dan Lesser, Brent Austin, Lynette Longshore, Thomas Stanton, and Dave McCabe ("the City defendants"). We have reviewed de novo all of Skylstad's claims. Specifically, his claims for unlawful search and seizure and violation of due process, including claims that defendants tampered with the evidence, are unsupported by evidence that would raise a triable issue for a jury.

The district court did not err in granting summary judgment to the City defendants on Skylstad's excessive force claims. To survive a motion for summary judgment on a § 1983 excessive force claim, Skylstad must raise a triable issue that the officer's actions were objectively unreasonable under the circumstances. *Graham v. Connor*, 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Determining the reasonableness of a particular application of force requires "careful attention to the facts and circumstances of each particular case," taking into account the "split-second judgments" in circumstances that are "tense, uncertain, and rapidly evolving." *Id.* at 396–97, 109 S.Ct. 1865. Relevant factors include the severity of the crime at issue, whether the suspect poses an immediate threat to officers or others, and whether the suspect is actively resisting arrest. *Id.*

■ The undisputed evidence establishes that Skylstad was the driver of the car that had been, only minutes before, involved in a prolonged and dangerous high-speed chase through residential areas of Spokane. It is irrelevant to our analysis that Skylstad denies he was the driver throughout the car chase. It is undisputed that he was at the wheel when the car finally was stopped. The severity of the crimes of driving at high speeds through residential areas cannot be understated. The car and driver posed an immediate, serious threat to officers and others.

Skylstad disputes that he actively resisted arrest. Declarations from officers on the scene unanimously state that Skylstad refused to exit the car and violently resisted arrest. Skylstad states that he voluntarily surrendered, that the officers unnecessarily used a K–9 dog to repeatedly bite and attack him, and that the officers smashed his head against the car and cut his arms open at the scene to take his blood. Skylstad offers the declarations of his wife and two other witnesses to support his version of events. The medical evidence, however, directly contradicts Skylstad's version of events. Although the dog bite was serious and required medical attention, there is no medical evidence of multiple dog bites, head injury, or cuts on the arms. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, —— U.S. ——, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007).

In summary, Skylstad failed to raise a triable issue for a jury on his claim of excessive force.

**AFFIRMED.**