Alberto PULIDO, Plaintiff—Appellant,

v.

CITY OF EL SEGUNDO, a municipal corporation; David Reaver, an individual; Adlerhorst International Inc., a California corporation, Defendants—Appellees.

Alberto Pulido, Plaintiff—Appellee,

v.

City of El Segundo, a municipal corporation, Defendant,

and

David Reaver, an individual; Adlerhorst International Inc., a California corporation, Defendants—Appellants.

Nos. 06–55539, 06–55798.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2007.

Filed Dec. 18, 2007.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Donald W. Cook, Esq., Mann & Cook, Los Angeles, CA, for Plaintiff–Appellant.

Elizabeth Feffer, Jones & Mayer, Fullerton, CA, for Defendant.

E. Wallace Dingman, Esq., Klute & Newton, LLP, San Bernardino, CA, for Defendants–Appellants.

Before: BOWMAN *, BRUNETTI, and BYBEE, Circuit Judges.

## MEMORANDUM **

The facts and procedural posture of the case are known to the parties, and we do not repeat them here.

The denial of a motion for leave to amend is reviewed for abuse of discretion. *See Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir.1973). Nevertheless, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "The Supreme Court has instructed the lower federal courts to heed carefully the command of [FED.R.CIV.P. 15(a) ], by freely granting leave to amend when justice so requires." *Howey,* 481 F.2d at 1190.

■ The district court abused its discretion when it denied Pulido's motion for leave to amend his complaint to add the CAL. CIV.CODE § 3342 strict liability claim.

---

* The Honorable Pasco M. Bowman, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court did not explicitly provide any reasons for refusing to allow Pulido to add the § 3342 claim. Appellees now argue that one possible explanation is the court's concern with Pulido's forum shopping. Although this argument may bear some relationship to Pulido's attempt to drop his § 1983 claim, it bears no apparent relevance to the attempt to add the § 3342 claim. The district court should not have denied the motion for leave to amend a complaint solely as punishment for perceived wrongdoings in other aspects of the case.

■ The district court also erred in dismissing Pulido's negligence claim when it found, as a matter of state law, that Pulido could not establish negligence because he had not designated an expert. A federal district court's interpretation of state law is reviewed *de novo*. *Paulson v. City of San Diego*, 294 F.3d 1124, 1128 (9th Cir. 2002) (en banc). Nothing in either the Federal Rules of Evidence or California law mandates the designation of an expert witness in this case. Federal Rule of Evidence 702 provides: "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto...." This rule permits, but does not require, expert testimony. Furthermore, the California cases cited by Appellees that require expert testimony to establish a necessary element of a legal claim all involve medical expert testimony. *See Bromme v. Pavitt*, 5 Cal. App.4th 1487, 1498, 7 Cal.Rptr.2d 608 (1992) (holding that competent expert testimony is required to prove medical causation in a personal injury action); *Sinz v. Owens*, 33 Cal.2d 749, 205 P.2d 3, 5 (1949)

(explaining that "[t]he standard of care against which the acts of a physician are to be measured is a matter peculiarly within the knowledge of experts"); *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir. 1988) (explaining that in California, the standard of care of medical personnel can be proven only by expert testimony). We can find no evidence that California law requires expert testimony in a dog-bite case. We think that a jury may, without expert testimony, infer that police-trained dogs are not trained to bite non-suspects and then not release despite efforts by the handler to call off the dog. It is possible that Pulido will not ultimately prevail on his negligence claim without an expert witness, but he may present his case.

In light of our ruling on these issues, Pulido's arguments concerning the Pretrial Conference Order and Appellees' arguments for attorneys' fees are moot.

The district court's order denying Pulido's motion for leave to amend his complaint to add the § 3342 claim is **REVERSED**. The district court's order dismissing Pulido's negligence claims for failure to designate an expert witness is **REVERSED**. The case is REMANDED to the district court with instructions to allow Pulido to amend his complaint and to permit Pulido to proceed with his negligence claim without designating an expert. The cross-appeal is **DISMISSED** as moot.