**Barbara P. HUTCHINSON, Plaintiff–Appellant,**

v.

**UNITED STATES of America, et al., Defendants–Appellees.**

**No. 85–6518.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 17, 1987 [*].

Decided Feb. 3, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Barbara P. Hutchinson, pro se.

Donald F. Shanahan, Asst. U.S. Atty., San Diego, Cal., for defendants-appellees.

Before KOELSCH, POOLE and FERGUSON, Circuit Judges.

POOLE, Circuit Judge:

Barbara Hutchinson appeals pro se the district court's grant of summary judgment in favor of all defendants in her action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, alleging negligence and under 28 U.S.C. § 1331(a), alleging violation of her Fifth and Eighth Amendment rights. Ms. Hutchinson claims that she was denied proper medical care while incarcerated at the Metropolitan Correctional Center ("MCC") in San Diego. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

Ms. Hutchinson was a prisoner at MCC from July 31 to August 12, 1980. The day

after entering the facility, she complained of lower back pain and was seen by a physician's assistant on the MCC staff. She was told to rest, drink fluids and take a urinary analgesic which was prescribed for her. She was also told that 24 hour medical care was available, but she did not request medical attention again until August 7.

On August 7, Ms. Hutchinson was examined by an MCC physician who believed her symptoms to be consistent with either a urinary tract infection or a kidney stone, with the former being more likely. He prescribed an anti-bacterial drug and recommended that an x-ray be taken. No x-ray was taken at that time, however, because the x-ray machine was out of order.

On August 13, the day after her release from MCC, Ms. Hutchinson saw her private physician, Dr. Lipsitz. She underwent surgery for removal of a kidney stone three days later, on August 16.

Following her surgery, Ms. Hutchinson filed an administrative claim under the Federal Tort Claims Act, 28 U.S.C. § 2675, in which she alleged MCC's failure to provide proper medical care. The Federal Prison System found no evidence to support the allegations and declined to settle the claim. Ms. Hutchinson then filed suit in the United States District Court for the Southern District of California. The district court granted summary judgment in favor of all defendants, and Ms. Hutchinson appeals.

## II.

We review a district court's grant of summary judgment de novo. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986). Summary judgment is appropriate if, after viewing the evidence in the light most favorable to the party opposing the motion, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. The party opposing the summary judgment may not rest on conclusory allegations, but must set forth facts showing there is a genuine issue for trial. Id.

## III.

Count I of Ms. Hutchinson's amended complaint claimed negligence of government employees at MCC in detecting, diagnosing and treating her condition. The Federal Tort Claims Act provides that the United States is liable for injury caused by the negligence of its employees under circumstances where a private person would be liable in accordance with the law of the place where the negligent act or omission occurred. Since the alleged negligence occurred in San Diego, California decisional law applies. The issue here is whether under California law Ms. Hutchinson was required to submit expert opinions on the medical standard of care in order to defeat the defendants' motion for summary judgment.

In California, medical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances. Landeros v. Flood, 17 Cal.3d 399, 408, 131 Cal.Rptr. 69, 72–73, 551 P.2d 389, 392–93 (1976). This standard of care, which is the basic issue in malpractice actions, can be proven only by expert testimony.[1] Id. at 410, 131 Cal.Rptr. at 74, 551 P.2d at 394. California courts have incorporated the expert evidence requirement into their standard for summary judgment in medical malpractice cases. When a defendant moves for summary judgment and supports his motion with expert declarations that his conduct fell within the community standard of care, he is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence. Willard v. Hagemeister, 121 Cal.App.3d 406, 412, 175 Cal.Rptr. 365, 369 (1981). Given the expert evidence requirement, the plaintiff's allegations supported only by lay

---

1. There is one exception. Expert evidence is not needed when the type of conduct required by the particular circumstances is within the common knowledge of laymen. Id. The proper diagnosis and treatment of a kidney stone is clearly not within the common knowledge of laymen, and thus the exception does not apply here.

opinions fail to present a triable issue of fact concerning the applicable standard of care. *Id.* at 414, 175 Cal.Rptr. at 370.

■ This reasoning is equally applicable when a defendant moves for summary judgment under Fed.R.Civ.P. 56. Once the defendant submits declarations which support his motion, the plaintiff cannot rest on the pleadings but must come forward with specific facts showing there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Summary judgment is appropriate when a party fails to make a showing sufficient to establish the existence of an element which is essential to his case and for which he would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Sigmond v. Brown*, 828 F.2d 8 (9th Cir.1987) (per curiam). Other circuits have held that the failure of a plaintiff to produce expert evidence under rules similar to California's mandates summary judgment in medical malpractice cases when the defendant submits expert declarations. *Sitts v. U.S.*, 811 F.2d 736 (2nd Cir.1987) (defendant's attorney also submitted affidavit stating that answers to interrogatories showed that plaintiff had not retained an expert to testify at trial); *Jones v. Wike*, 654 F.2d 1129 (5th Cir.1981). *See also Cranford Ins. Co. v. Allwest Ins. Co.*, 645 F.Supp. 1440, 1443 (N.D.Cal.1986). We agree that since California medical malpractice law applies, when the defendant supports his motion for summary judgment with the declarations of experts, a plaintiff who has presented no expert evidence concerning the required standard of care has failed to make a sufficient showing that there are genuine factual issues for trial.

■ In the district court, the defendants submitted one declaration and several depositions in support of their motion for summary judgment. The declaration was that of a physician who was a certified urologist and qualified as an expert in the field. The physician stated that after reviewing Ms. Hutchinson's medical records, her deposition and the depositions of the MCC medical personnel who treated her, he concluded that Ms. Hutchinson's condition was managed appropriately while she was at MCC. The declaration specifically stated that the medical care she received at MCC met the standard of care required of a physician in the San Diego community. It noted that had an emergency situation existed due to kidney stones, Ms. Hutchinson's condition would have been manifestly much worse than she exhibited and would have been accompanied by an elevated temperature. The expert concluded that due to swelling associated with an attack of pain, emergency surgery would not have been advised on August 7, when Ms. Hutchinson was treated by the prison physician, unless her kidney had been totally obstructed by the kidney stone. Subsequent tests confirmed that the kidney was not totally obstructed.

The defendants also submitted an excerpt of the deposition of Dr. Lipsitz, the physician who treated Ms. Hutchinson and removed the kidney stone after she left MCC. Dr. Lipsitz stated that while there may have been a slight delay in diagnosing the kidney stone, the delay did not result in any permanent damage. He felt the treatment she received at MCC was appropriate and saw no evidence of negligence.

At no point did Ms. Hutchinson provide affidavits or depositions of experts to contradict these statements. She provided only her own allegations and conclusory statements that the defendants had been negligent and had failed to conform to the applicable standard of care. She made no attempt to establish herself as an expert, and there is no indication in the record that she was.

We conclude that Ms. Hutchinson failed to support her allegations, as required by Fed.R.Civ.P. 56, in the face of the defendant's properly supported motion. She failed to set forth specific facts showing that the defendants' actions fell short of the prevailing standard of care in the San Diego medical community. Summary judgment on Count I was proper.

## IV.

In Count II of her complaint, Ms. Hutchinson alleged that the employees who were

responsible for her care at MCC were liable for negligence in their individual capacities. Summary judgment was properly granted on this count for the same reason as stated for Count I. Ms. Hutchinson failed to offer any evidence that the defendants' care and treatment did not meet the prevailing standard.

## V.

In Count III, Ms. Hutchinson alleged that the defendants' failure to provide appropriate medical care had deprived her of her Fifth and Eighth Amendment rights, and that the defendants were therefore liable under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

■ In *Estelle v. Gamble* the Supreme Court held that the government has an obligation to provide medical care for those whom it punishes by incarceration. 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). But not every breach of that duty is of constitutional proportions. In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a "deliberate indifference to serious medical needs of prisoners." *Id.* 429 U.S. at 104, 97 S.Ct. at 291. Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. *Id.* at 104–05, 97 S.Ct. at 291. Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. *Id.* at 106, 97 S.Ct. at 292.

· ■ Despite the allegation in her complaint that the defendants ignored her illness for eleven days, Ms. Hutchinson's own statement, attached to her original complaint, and her deposition, indicate that prison officials and the medical staff were attentive to her needs. Those statements establish that she was seen immediately by a physician's assistant when she first ex-

hibited symptoms. The prison warden inquired about her condition shortly thereafter. When she again requested medical attention a few days later, her request was promptly honored. The doctor examined her, did some tests and administered medication. Since there was no evidence indicating that prison officials had denied or interfered with Ms. Hutchinson's medical care, and since her own statements were substantial evidence to the contrary, Ms. Hutchinson could not defeat a motion for summary judgment under the first arm of the *Estelle* test.

The only other way in which Ms. Hutchinson could show an Eighth Amendment violation was by showing that the physicians or their assistants demonstrated "deliberate indifference" to her medical needs. As the Supreme Court indicated in *Estelle*, a showing of something more than mere negligence is required to establish this.

The defendants provided depositions of the physician and physician's assistant who treated Ms. Hutchinson at MCC, as well as Ms. Hutchinson's deposition and that of the physician who treated her after she left MCC. This evidence supported the conclusion that the defendants were not even negligent, much less "deliberately indifferent" to Ms. Hutchinson's medical needs. In response, Ms. Hutchinson offered only her own statements. We found nothing in those statements to persuade us that the district court erred in concluding that Ms. Hutchinson had failed to support her claim of "deliberate indifference." Accordingly, summary judgment on Count III was properly granted.

## VI.

On appeal Ms. Hutchinson claims the district court erred in finding that her claims against two of the individual defendants were barred by the statute of limitations. These claims were first raised in her amended complaint. On appeal Ms. Hutchinson objects for the first time to dismissal of these defendants based on the statute of limitations. She now claims that she could not ascertain their identity before the limi-

tations period had run. We ordinarily will not consider an issue raised for the first time on appeal. *In Re Ryther*, 799 F.2d 1412, 1414 (9th Cir.1986). There are exceptions, but Ms. Hutchinson's claim does not fit within any of them. *See Bolker v. Comm. of Internal Revenue Service*, 760 F.2d 1039, 1042 (9th Cir.1985). Consequently, we affirm dismissal of the two individual defendants without deciding the merits of Ms. Hutchinson's claim of delay in learning their identity.

The judgment is AFFIRMED.