985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Amilcar A.J. MARCHETTI, Plaintiff-Appellant,
v.
Michael J. TREMAN, Defendant-Appellee.
 No. 91-55891.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 1, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Amilcar Marchetti appeals pro se the district court's grant of defendant Michael J. Treman's motion for summary judgment in Marchetti's legal malpractice action against Treman, his criminal trial attorney. The district court granted Treman's summary judgment motion based on Marchetti's failure to submit any expert evidence to refute Treman's expert testimony. We review de novo a grant of summary judgment. Brown v. Ticor Title Insurance Co., No. 91-15474, slip op. 14803, 14812 (9th Cir. Dec. 28, 1992). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain. Fed.R.Civ.P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
 
 
 4
 Furthermore, we have held that in a motion for summary judgment, expert declarations must be met by expert declarations. Hutchinson v. United States, 838 F.2d 390, 393 (9th Cir.1988) ("when a defendant supports a motion for summary judgment with declarations of an expert, plaintiff who has presented no expert evidence concerning the required standard of care has failed to make sufficient showing that there are genuine factual issues for trial").
 
 Legal Malpractice
 
 5
 "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern." Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938).
 
 
 6
 Under California law, the elements of a cause of action in tort for professional negligence are: (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence. Jackson v. Johnson, 5 Cal.App.4th 1350, 1355 (Cal.Ct.App.1992).
 
 Reasonable Care
 
 7
 Whether or not reasonable care has been exercised is a question on which expert testimony is required. Lipscomb v. Krause, 87 Cal.App.3d 970, 975, 151 Cal.Rptr. 465, 466 (Cal.Ct.App.1978). Reasonable care may be defined as the exercise of the skill, prudence and diligence as other members of a profession and locality. See Jackson, 5 Cal.App.4th at 1355.
 
 
 8
 Here, the defendant supported his motion for summary judgment with declarations by Donald Beacham, Marchetti's appellate attorney, that Treman "exercised the knowledge, skill and ability ordinarily possessed and exercised by other attorneys who practice in the field of criminal defense before the United States District Court for the Central District of California."
 
 
 9
 Marchetti has not presented any expert declarations to rebut Treman's expert's declaration. Rather, Marchetti argues that the declarations of Donald Beacham are not credible. In a motion for summary judgment, it is not sufficient for the opposing party simply to raise issues as to the credibility of the moving party's evidence. See Robinson v. Adams, 847 F.2d 1315, 1317 (9th Cir.), cert. denied, 490 U.S. 1105 (1989).
 
 
 10
 Therefore, the issue of credibility is irrelevant because Marchetti has failed to contradict the expert opinion of Donald Beacham with an expert declaration to the contrary. Because Marchetti has not presented any expert evidence as to the issue of reasonable care in Treman's defense of his case, he has failed to establish that there is a genuine issue of material fact on that issue. The district court properly granted summary judgment on the issue of reasonable care. See Hutchinson, 838 F.2d at 393.
 
 Causation
 
 11
 "Proof of legal malpractice requires proof not only of negligence by the lawyer but also of causation, a trial within a trial to establish that, but for the lawyer's negligence, the client would have prevailed in the underlying action." United Community Church v. Garcin, 231 Cal.App.3d 327, 334, 282 Cal.Rptr. 368, 373 (Cal.Ct.App.1991).
 
 
 12
 Marchetti makes numerous allegations of breach of professional duty. He contends that Treman failed to give him correct legal advice on Fed.R.Crim.P. 11 regarding pleas. Marchetti also contends that Treman failed to file pretrial motions to sever his case from his codefendants, to suppress allegedly illegally obtained evidence and to challenge the multiplicity of his indictment. In addition, Marchetti makes numerous other allegations. Nevertheless, he offers no evidence, expert or otherwise, to establish that but for these alleged failures, he would have been successful in his criminal defense. Therefore, Marchetti has failed to sustain his burden on the issue of causation and the district court properly granted summary judgment. Hutchinson, 838 F.2d at 393.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3