57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kamal M.E. MUBARIK, Plaintiff-Appellant,
v.
David BROWN, Defendant,
and
Richard A. Walsh, Maricopa Medical Center; Carlos
Benevidez, Tempe Police Department, Defendants-Appellees.
 No. 94-16432.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kamal M.E. Mubarik, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of Carlos Benevidez, a City of Tempe police officer, the Maricopa County Medical Center ("Medical Center"), Dr. Richard Walsh ("Walsh"), an emergency room physician at the Medical Center, and other medical personnel in his 42 U.S.C. Sec. 1983 action alleging that the defendants treated him with deliberate indifference to his serious medical needs. We review de novo. See Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir.1990). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Mubarik contends that the defendants were deliberately indifferent to his serious medical needs because they did not provide proper treatment. This contention lacks merit.
 
 
 4
 On October 31, 1990, Mubarik was involved in an armed robbery and suffered his injuries when he was beaten by his intended victims. Mubarik received treatment from defendant Walsh at the Medical Center emergency room after the attempted robbery. Additionally, Mubarik was examined several days later by a Medical Center nurse who observed that Mubarik did not have any serious injuries to the areas where he had complained of pain. Mubarik was also seen several times in the jail infirmary and in December 1990, Mubarik had a minor surgical procedure to excise and resuture a scalp scar he suffered in the attempted robbery incident.
 
 
 5
 While we liberally construe Mubarik's pro se pleadings, McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992), Mubarik offers no evidence to show that he was denied medical treatment or that the treatment he received was inadequate and caused substantial harm. See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir.1988); Shaply v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam). Mubarik also fails to allege facts sufficient to indicate a culpable state of mind on the part of the defendants. See Wilson v. Seiter, 501 U.S. 294, 297 (1991). At most, Mubarik alleges that defendants were negligent. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." Hutchinson, 838 F.2d at 394.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Mubarik brought a state law claim, because his federal claims were properly dismissed, the district court did not abuse its discretion by dismissing his state law claim. Schultz v. Sandberg, 759 F.2d 714, 718 (9th Cir.1985). Also, the district court did not abuse its discretion by denying Mubarik's motion for leave to amend his complaint. Saul v. United States, 928 F.2d 829, 843 (9th Cir.1991)