67 F.3d 305
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Efren George BECERRA, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-55013.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 29, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Efren George Becerra appeals pro se the district court's summary judgment in favor of the United States in his action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Sec. 2671 et seq., alleging that the Veterans Administration ("VA") improperly denied him certain VA benefits and that he was the victim of medical malpractice in connection with his May 1992 surgery to repair a rectal prolapse. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Becerra contends that the district court erred by dismissing his claim for VA benefits for lack of subject matter jurisdiction because he did not exhaust his administrative remedies. This contention lacks merit.
 
 
 4
 We review de novo the district court's dismissal for lack of subject matter jurisdiction. See Carpenter v. Department of Transp., 13 F.3d 313, 314 (9th Cir.1994). The FTCA allows claimants to sue the government in district court provided that they first give the appropriate federal agency the opportunity to resolve the claim. 28 U.S.C. Sec. 2675(a). This administrative claim prerequisite is jurisdictional. See Jerves v. United States, 966 F.2d 517, 521 (9th Cir.1992).
 
 
 5
 Here, VA records show that Becerra failed to exhaust his administrative remedies in relation to the denial of VA benefits. Thus, the district court did not err by granting the United States's motion for summary judgment and dismissing Becerra's claim for VA benefits for lack of jurisdiction.[1] See id.
 
 
 6
 Becerra also contends that the district court erred by granting summary judgment on his medical malpractice claim. This contention lacks merit.
 
 
 7
 We review de novo the district court's summary judgment. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Under the FTCA, the United States may be held liable to the same extent as a private party would be under the same circumstances. See 28 U.S.C. Secs. 1346(b) & 2674; Bunting v. United States, 884 F.2d 1143, 1144-45 (9th Cir.1989). Liability for an employee's act of negligence is determined by the law of the state where the act occurred. See Beech Aircraft Corp. v. United States, 51 F.3d 834, 838 (9th Cir.1995) (per curiam).
 
 
 8
 Pursuant to California law, which is applicable here, to establish a cause of action for negligence a plaintiff must show (1) a legal duty to use due care; (2) breach of the duty; and (3) the breach must proximately cause the resulting injury. Ting v. United States, 927 F.2d 1504, 1513 (9th Cir.1991).
 
 
 9
 Under California law, a physician has the duty to exercise that degree of skill, knowledge, or care ordinarily possessed and exercised by the members of the local medical community. See Bardessono v. Michels, 478 P.2d 480, 484 (1970). The burden is on the plaintiff to prove that the defendant breached the applicable standard of care. See Ting, 927 F.2d at 1513. Here, Becerra failed to produce evidence showing that a duty of care was breached by the VA physicians. See id. Thus, the district court did not err in concluding that Becerra failed to show that there was a breach of the applicable standard of care. See id.
 
 
 10
 A plaintiff also has the burden of establishing proximate cause between the alleged negligent acts of a defendant and his injuries. See Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir.1988). Under California law a plaintiff must prove proximate cause through expert medical testimony. See id. Becerra failed to submit declarations of experts to show that the VA physicians's alleged negligence was the proximate cause of the injuries he suffered. See id. Therefore, Becerra failed to satisfy his burden of establishing proximate cause between the alleged negligent acts and his injuries. See id. Accordingly, the district court did not err by entering summary judgment on Becerra's medical malpractice claim. See Ting, 927 F.2d at 1513-14.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Becerra's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if Becerra exhausts his administrative remedies, the district court is without jurisdiction to review the VA's benefits determinations. See 38 U.S.C. Sec. 511(a)
 
 
 [2]
 Becerra's request for the appointment of counsel and for waiver of attorney fees are denied