78 F.3d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sabil M. MUJAHID, Plaintiff-Appellant,
v.
Carol HASHIMOTO, et al., Defendant-Appellee.
 No. 93-17379.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 8, 1995.*
Decided March 1, 1996.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hawaii state prisoner Sabil M. Mujahid appeals pro se the district court's summary judgment for prison officials in his 42 U.S.C. § 1983 action alleging that his constitutional rights were violated when prison officials held a classification hearing and decided that Mujahid was to remain in maximum security custody. We review de novo. Hutchinson v. United States, 838 F.2d 390, 393 (9th Cir.1988). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Mujahid contends that the district court erred in granting summary judgment for the defendants because his due process rights were violated when (1) he was denied notice of an adverse classification hearing; (2) the classification committee was not composed of at least three members; (3) he was not allowed to appear before a committee and present evidence; (4) he was not provided with written reasons as to why he was denied the opportunity to attend the classification hearing; and (5) he was not provided with written reasons why he was classified as a maximum custody inmate. This contention lacks merit.
 
 
 4
 A due process claim is cognizable only if there is a recognized liberty or property interest at stake. See Board of Regents of California v. Roth, 408 U.S. 564, 569 (1972). Here, a classification hearing was held for Mujahid. At the hearing, Mujahid was given a point total that would have enabled him to be moved from maximum security to medium security. However, because the defendant prison officials deemed him a violent offender/management problem, Mujahid remained in maximum custody.
 
 
 5
 The nature of the deprivation did not "impose[ ] the atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, No. 93-1911, 1995 WL 360217, at * 6 (U.S. June 19, 1995); See e.g., Meachum v. Fano, 427 U.S. 215, 225 (1976) (no liberty interest created when prisoners transferred from medium security facility to maximum security facility). Since Mujahid was not deprived of a liberty interest, he was not entitled to due process protections. See Sandin, 1995 WL 360217, at * 7.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3