**Timothy B. WHITMORE, Plaintiff—Appellant,**

v.

**PIERCE COUNTY DEPARTMENT OF COMMUNITY CORRECTIONS; et al., Defendants—Appellees,**

**and**

**Dr. Halarnakar; et al., Defendants.**

No. 07–35693.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 27, 2009.

R.App. P. 34(a)(2).

Timothy B. Whitmore, Gig Harbor, WA, pro se.

Daniel Hamilton, Tacoma, WA, for Defendants–Appellees.

Before: GRABER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Timothy B. Whitmore, a former inmate in the Pierce County Jail, appeals pro se from the district court's summary judgment in favor of the Pierce County defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs and mishandling of his jail grievances. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on the deliberate indifference claim because Whitmore failed to raise a genuine issue of material fact as to whether jail officials were deliberately indifferent to his mental health conditions. *See id.* at 1057 (explaining that prison officials must know of and disregard a substantial risk of serious harm for their conduct to constitute deliberate indifference); *see also Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 957 (9th Cir.2008) (en banc) ("Because there is no constitutional violation, there can be no municipal liability.").

The district court properly granted summary judgment on the claim alleging mishandling of Whitmore's grievances and "kites" (written complaints about medical care) because inmates do not have a constitutional right to specific grievance procedures. *See Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003). To the extent Whitmore contends that the alleged loss of his kites supports his deliberate indifference claim, summary judgment was proper because Whitmore failed to raise a triable issue as to whether any jail official intentionally denied or delayed his access to medical care. *See Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir.1988) (concluding that prisoner could not defeat summary judgment where there was no evi-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dence that prison officials had denied or interfered with medical care).

 We do not consider Whitmore's contention that he was denied the right to attend religious worship services because this claim was neither raised in the operative complaint nor adjudicated by the district court. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir.2000); *see also Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir.2007) (declining to consider issue raised for the first time on appeal).

Whitmore's remaining contentions are unpersuasive.

All pending motions are denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.