**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILLIP J. LYONS, | No. 09-17294 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-00400-JCM-VPC |
| v. | |
| PATRICIA LEONHARDT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 7, 2010
San Francisco, California

Before: REINHARDT, HAWKINS, and N.R. SMITH, Circuit Judges.

Phillip J. Lyons ("Lyons"), a Nevada state inmate, timely appeals two

district court orders granting summary judgment against him with respect to civil

rights claims that he brought pursuant to 42 U.S.C. § 1983.  Lyons alleges that

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

defendants, Nevada prison officers and medical personnel, violated his First Amendment right to petition the government for redress of his grievances and his Eight Amendment right to be free from excessive force and deliberate indifference to his serious medical needs. His claims under the Nevada Constitution are waived on appeal because he did not raise them in the district court.

We affirm the grant of summary judgment on the excessive force claim, on the First Amendment claim as to defendant Ollie Powe, and on the deliberate indifference claim as to defendants Patricia Leonhardt, Theodore D'Amico, Jackie Crawford, James Cox, Joseph Ferro, and Leonard Vare. We reverse on the deliberate indifference claim as to defendant Dr. John Scott, and on the First Amendment claim as to defendants Jay Barth, Paul Lunkwitz, and Santerren Ward.

The evidence submitted on summary judgment, viewed in a light most favorable to the nonmoving party, was sufficient to raise a genuine issue of material fact as to whether Lyons had a serious medical need arising from the abrupt cessation of his prednisone medication and whether senior physician Dr. Scott was deliberately indifferent to that need. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds* by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). As to the medical need, the record shows that Lyons had been

prescribed a steroid, prednisone, for ten years to treat an immune condition, and that the sudden cessation of that treatment can cause a serious medical condition in which the body stops producing sufficient amounts of adrenal steroid. Lyons was refused a prednisone prescription for four days after he advised the medical staff that his supply of the drug had run out. During that time, he became progressively more ill with dizziness, chills, stomach cramps, nausea, and a high fever.

For several days after being advised of Lyons's condition, Dr. Scott failed to grant Lyons's requests to evaluate him in order to renew his prescription. Ultimately, Dr. Scott saw Lyons at sick call and injected him with "a loading dose" of Solumedrol, a potent steroid that is used to treat Addison crisis, at which point Lyons's symptoms abated. This evidence leads us to conclude that there is a triable issue of fact as to whether Dr. Scott "den[ied], delay[ed] or intentionally interfere[d] with [Lyons's] medical treatment[,]" in violation of Lyons's constitutional right to be free from deliberate indifference to serious medical needs. *McGuckin*, 974 F.2d at 1059 (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)).

Summary judgment was proper, however, on Lyons's deliberate indifference claims as to Leonhardt, D'Amico, Crawford, Cox, Ferro, and Vare. Lyons does not present evidence to show that these defendants were aware that the acts or

3

omissions about which Lyons complains would have the effect of putting him at risk of serious harm. *See McGuckin*, 974 F.2d at 1060 (holding that mere "*inadvertent* [or negligent] failure to provide adequate medical care" alone did not state a claim under § 1983 (citing *Estelle*, 429 U.S. at 105)).

Lyons also alleges constitutional violations arising from a separate prison incident. He argues that correctional lieutenant Powe and correctional officers Barth, Lunkwitz, Ward, and John Does 1-4 violated his Eighth Amendment right to be free from cruel and usual punishment through the use of excessive force following his filing of an emergency grievance. In addition, he contends that these officers violated his First Amendment right to petition the government by retaliating against him for filing grievances and ordering him not to file any further grievance. Construing the facts in Lyons's favor, the amount of force that correctional officers Barth, Lunkwitz, Ward, and Does 1-4 used against him when they applied handcuffs tightly, pulled him quickly from the floor to his feet, moved him to a different room, and seated him roughly in a chair, does not, without more, rise to the level of excessive force. The district court did not therefore err in granting summary judgment to the defendants on the excessive force claim.

We reverse on the free speech claim, however. Lyons alleges that, after being removed from his cell following his filing of a grievance, Lunkwitz, Ward,

4

and Barth yelled curses at him for several minutes before Lunkwitz told him explicitly not to submit any more grievances. The officer's intimidating admonition is in itself sufficient ground to raise a triable First Amendment claim. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *abrogated on other grounds by Shaw v. Murphy*, 532 U.S. 223 (2001) (holding that disciplinary rules that discourage a prisoner from filing a grievance violate the right of access to the courts). Moreover, Powe stated in his declaration that he had already determined that Lyons's complaint was a non-emergency and that the "sole purpose" of ordering Lunkwitz to Lyons's cell was "to explain Powe's determination," and not to "calm down a disruptive inmate," as Lunkwitz alleged. The evidence submitted on summary judgment therefore establishes a genuine issue of material fact as to whether the actions taken against Lyons by Lunkwitz, Ward, and Barth constituted unconstitutional retaliation for his having requested a written response to the denial of his emergency grievance. *See Lewis v. Casey*, 518 U.S. 343, 355-56 (1996) (holding that a prisoner's inability to file a claim can establish a constitutional violation of his right to access the courts).

**AFFIRMED IN PART and REVERSED IN PART**.

5