FILED

**NOT FOR PUBLICATION**

AUG 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KELVIN EUGENE SIMS,<br><br>            Plaintiff-Appellant,<br><br>v.<br><br>SHERRY LOPEZ; JONATHAN E. AKANNO,<br><br>            Defendants-Appellees. | No.    15-15759<br><br>D.C. No. 1:10-cv-01409-BAM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding**

Submitted July 26, 2016***

Before:      SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Kelvin Eugene Sims, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging federal

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

***        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Sims's Eighth Amendment claim because Sims failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his back pain and hemorrhoids. *See id.* at 1057-58 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Sims's medical malpractice claim because Sims failed to raise a genuine dispute of material fact as to whether defendants breached the standard of care. *See Hutchinson v. United States*, 838 F.2d 390, 393 (9th Cir. 1988) (when applying California law in a medical malpractice action, where "the defendant supports his motion for summary judgment with the declarations of experts, a plaintiff who has presented no expert evidence concerning the required standard of care has failed to make a sufficient showing that there are genuine factual issues for trial").

The district court did not abuse its discretion by denying Sims's request for a court-appointed expert after finding that it did not require a neutral expert to aid its

understanding of the claims.  *See Armstrong v. Brown*, 768 F.3d 975, 987 (9th Cir. 2014) ("A Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters."); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (setting forth standard of review).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**