UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK K. GIBSON, | No. 18-35440 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05187-RBL |
| v. | Western District of Washington, Tacoma |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS; et al., | ORDER |
| Defendants-Appellees. | |

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

The memorandum disposition filed on April 25, 2019, is withdrawn.  A replacement memorandum disposition is being filed concurrently with this order. No further petitions for rehearing will be entertained.

Appellee Kroha's petition for panel rehearing (Docket Entry No. 25) is denied.

Gibson's motion to appoint counsel (Docket Entry No. 26) is denied without prejudice to refiling in the district court.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PATRICK K. GIBSON,

               Plaintiff-Appellant,

  v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS; et al.,

               Defendants-Appellees.

No. 18-35440

D.C. No. 3:17-cv-05187-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted April 17, 2019[**]

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

    Washington state prisoner Patrick K. Gibson appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2004).  We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Gibson's deliberate indifference claim arising from the medical treatment defendants provided because Gibson failed to raise a genuine dispute of material fact as to whether defendants' treatment was medically unacceptable or amounted to more than mere negligence.  *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Gibson's deliberate indifference claim arising from defendants' failure to comply with their own internal procedures because failure to follow departmental regulations alone does not establish a constitutional violation.  *See Cousins v. Lockyer*, 568 F.3d 1063, 1070-71 (9th Cir. 2009) (failure to follow internal prison policy does not amount to a constitutional violation).

The district court properly granted summary judgment on Gibson's deliberate indifference claim against defendant Fetroe arising from the delay in Gibson's medical treatment because Gibson failed to raise a genuine dispute of material fact as to whether Fetroe was personally involved in the delay of Gibson's treatment.  *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (discussing

the requirements for establishing supervisory liability).

The district court erred in granting summary judgment on Gibson's deliberate indifference claim against defendant Kroha arising from the delay in Gibson's medical treatment. The district court concluded that Kroha lacked the requisite intent to delay Gibson's treatment based in part on Kroha's assertion that in June 2015 she completed a report-of-accident form and placed it in Gibson's file. However, Gibson offered evidence suggesting that Kroha did not complete this form, which has never been accounted for or located, and that months later Gibson obtained a blank report-of-accident form from his supervisor that Gibson ultimately submitted to the Department of Labor and Industries. *See Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment"). Because there is a genuine dispute of material fact as to whether Kroha intentionally delayed Gibson's medical treatment, we reverse the judgment on this claim only and remand for further proceedings. The district court did not address whether Kroha was entitled to qualified immunity, and we express no opinion on that subject.

Gibson's request to supplement the record, set forth in his opening brief, is denied. Appellees' motion to strike portions of Gibson's opening brief (Docket Entry No. 14) is denied.

18-35440

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**