NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERALD VON TOBEL,

          Plaintiff-Appellant,

  v.

JOHNS, Dr.; et al.,

          Defendants-Appellees.

No.  20-16853

D.C. No.
3:17-cv-00022-RCJ-CLB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted April 15, 2022
San Francisco, California

Before:  BYBEE and R. NELSON, Circuit Judges, and BOLTON,[**] District Judge.

Gerald Von Tobel is a prisoner in the custody of the Nevada Department of

Corrections who suffers from a degenerative condition called trigger finger, which

causes significant pain and renders his hands nearly useless.  Von Tobel has

requested surgery for this condition, which the prison's general care physician, Dr.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Marsha Johns, allegedly denied or delayed. Von Tobel filed a complaint alleging that Johns violated his Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291 and reverse the district court's grant of summary judgment for Johns because there are triable questions of material fact.

1. "We review de novo a grant of summary judgment," drawing all reasonable inferences in the nonmovant's favor. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897–98 (9th Cir. 2021). When "the nonmovant bears the burden of persuasion on the ultimate issue," he "must come forth with evidence from which a jury could reasonably render a verdict in [his] favor." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)).

Von Tobel may "maintain an Eighth Amendment claim based on prison medical treatment" if he "show[s] 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This is a two-pronged standard, with "both an objective . . . and a subjective" element. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012)). "To meet the objective element of the standard, a plaintiff must demonstrate the existence of a serious medical need," which "includes the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or

2

treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* (cleaned up) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992)). There is not a serious dispute that Von Tobel meets the objective prong. Even if this were disputed, it was likely waived because it was not raised below. *Von Tobel v. Johns*, No. 3:17-cv-22-RCJ-CLB, 2020 WL 5637494, at *4 (D. Nev. July 23, 2020) ("[T]he objective element is not contested.").[1]

To establish the subjective element, Von Tobel must prove "the official 'kn[ew] of and disregard[ed] an excessive risk to inmate health and safety.' This 'requires more than an ordinary lack of due care.'" *Colwell*, 763 F.3d at 1066 (first quoting *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004); then quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). Not only does the official need to "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, . . . he must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 837). This may happen "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)).

---

[1] We review the magistrate judge's report and recommendation because the district court fully adopted the report and recommendation to grant summary judgment for Defendants.

3

"Deliberate indifference is a high legal standard [with a] showing of medical malpractice or negligence [being] insufficient to establish a constitutional deprivation under the Eighth Amendment." *Toguchi*, 391 F.3d at 1060. In addition, "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Colwell*, 763 F.3d at 1068 (quoting *Snow*, 681 F.3d at 987). Instead, "the plaintiff 'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to plaintiff's health.'" *Id.* (quoting *Snow*, 681 F.3d at 988).

2. The district court held that Von Tobel failed to provide evidence on the subjective prong. First, it held that "Von Tobel has provided no evidence Defendant Johns was personally responsible for any delay in surgery or treatment." *Von Tobel*, 2020 WL 5637494, at *6 (citing *McGuckin*, 974 F.2d at 1062). But Von Tobel introduced evidence that when he sent a medical request because his hand was "locked up" and he was "in severe pain and" wanted "to see a doctor," Johns said that "hand surgery was elective surgery and was not important enough for her to be concerned about." Von Tobel also declared that Johns said that "it [would be] a waste of time and money to operate on Von Tobel's hands, [and that] this is prison [and Von Tobel] will learn how to compensate and adapt to having hands/fingers

4

that are locked."

The district court next held that Von Tobel provided no evidence "that the course of treatment Johns chose was medically unacceptable under the circumstances and that she chose this course in conscious disregard of an excessive risk to his health." *Id.* (cleaned up) (quoting *Snow*, 681 F.3d at 988). But Von Tobel submitted evidence that the four other doctors who examined him all recommended surgery. The district court held that this evidence showed only "a difference of opinion between a physician and a prisoner—or between medical professionals." *Id.*

A reasonable jury could find that Johns's denial of surgery was medically unacceptable and taken in conscious disregard to an excessive risk to Von Tobel's health because there is no evidence that Johns had any medical opinion. *See Colwell*, 763 F.3d at 1068. Von Tobel provides evidence that the surgery was delayed or prevented because Johns thought the "hand surgery was elective surgery and was not important enough for her to be concerned about" and because "it [would be] a waste of time and money." But no evidence in the record suggests that Johns gave a medical reason for why Von Tobel's condition did not require surgery. Instead, a reasonable jury could find that Johns's "medical opinion" was one "which a reasonable person would likely determine to be inferior" to the opinions of the other four doctors. *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992) (overruled in part on other grounds).

3.    In conclusion, we reverse the district court's grant of summary judgment because there are triable issues of material fact as to whether Johns was deliberately indifferent to Von Tobel's serious medical needs.  We also remand to the district court to consider in the first instance whether Von Tobel has a claim for injunctive relief.

**REVERSED AND REMANDED.**