NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL ANTHONY ACINELLI, Jr., | No. 19-15916 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-01616-JDP |
| v. | |
| ULYSSES VILLAMIL BANIGA, Physician; K. HILL, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| S. SHIESHA; P. NIXON, R.N., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Jeremy D. Peterson, Magistrate Judge, Presiding

Submitted June 17, 2022**

Before:  WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Samuel Anthony Acinelli appeals pro se from the district court's summary judgment for prison officials in Acinelli's civil rights action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

Initially, we reject Acinelli's arguments that Judge Peterson lacked jurisdiction to enter judgment. *See* 28 U.S.C. § 636(c). Acinelli consented to magistrate judge jurisdiction on October 29, 2015, and did not withdraw it. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1119 (9th Cir. 2012).

As to Acinelli's Eighth Amendment claims, we affirm the district court's judgment on Acinelli's claim that Appellees failed to order a colonoscopy, because Acinelli failed to establish that he had a serious medical need. *See id.* at 1122 (elements of Eighth Amendment claims).

We also affirm the district court's judgment on Acinelli's claims that Appellees were deliberately indifferent when appellees terminated Acinelli's prescription for a liquid nutritional supplement. Appellees believed that the supplement was not indicated for Acinelli's syndrome, and that Acinelli would be able to provide himself with multiple, small meals, which is the treatment of choice for dumping syndrome, without specific accommodation from medical. Acinelli failed to rebut this evidence. Moreover, according to Acinelli's medical records, he provided himself with multiple, small meals by buying food in the canteen after

19-15916

the prescription was terminated. *See Toguchi*, 391 F.3d at 1057 (prison official acts with deliberate indifference if the prison official knows of and disregards an excessive risk to inmate health and safety); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Summary judgment was proper on Acinelli's state law claim that Dr. Baniga was negligent, and committed medical malpractice, because Acinelli failed to produce evidence of the relevant standard of care. *See Hutchinson v. United States*, 838 F.2d 390, 392-93 (9th Cir. 1988) (explaining and endorsing evidentiary requirements under California law).

Appellees' request that this court decide in the first instance whether Appellees are entitled to qualified immunity, made in their answering brief, is denied as unnecessary. *See, e.g., Thomas v. Ponder*, 611 F.3d 1144, 1157 (9th Cir. 2010).

**AFFIRMED.**