NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHAWN DAMON BARTH,

Plaintiff-Appellant,

v.

JARED D. LAZANO, Warden; BROWN, Captain; I.S.U LOPEZ; A.W. MEDIA; EUSEBIO MONTEJO, Doctor,

Defendants-Appellees.

No. 23-15897

D.C. No. 2:19-cv-01874-WBS-DB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted December 17, 2024**

Before: WALLACE, GRABER, and BUMATAY, Circuit Judges.

Shawn Damon Barth appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of the First, Eighth, and Fourteenth Amendments. We have jurisdiction under 28 U.S.C. § 1291. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo.  *Hutchinson v. U.S.*, 838 F.2d 390, 392 (9th Cir. 1988).  We affirm.

The district court properly granted summary judgment on Barth's Eighth Amendment claim because Barth failed to raise a genuine dispute of material fact as to whether defendant Montejo was deliberately indifferent to Barth's serious medical needs in taking away his walker.  *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (explaining that a difference of opinion as to the proper course of treatment for a medical condition is insufficient to establish an Eighth Amendment violation).

The district court properly granted summary judgment on Barth's First Amendment retaliation claim because Barth failed to raise a genuine dispute of material fact as to whether Montejo's removal of Barth's walker was not reasonably related to legitimate penological goals.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a First Amendment retaliation claim in the prison context).

The district court properly granted summary judgment on Barth's Fourteenth Amendment claim because Barth failed to raise a genuine dispute of material fact as to whether Montejo discriminated against him on the basis of his sexual orientation.  *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (explaining that to state an equal protection claim, a plaintiff must show that a

2                                                          23-15897

defendant acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class).

The district court did not abuse its discretion in denying Barth's request for additional discovery under Federal Rule of Civil Procedure 56(d). *See Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 612, 619-20 (9th Cir. 2017) (setting forth standard of review and explaining that to prevail on a Rule 56(d) request, a party must show that the specific facts it seeks in further discovery exist and are "essential to oppose summary judgment" (citation and internal quotation marks omitted)).

The district court properly construed Barth's Federal Rule of Civil Procedure 60(a) motion as objections to the magistrate judge's findings and recommendations, and properly conducted a de novo review of the findings and recommendation and Barth's objections. *See* 28 U.S.C. § 636(b)(1)(C).

Barth's motion for a jury trial (Docket Entry No. 28) is denied.

**AFFIRMED.**

23-15897