FILED

MAR 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LAWRENCE CHRISTOPHER REDDING, | No. 14-35009 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00998-PK |
| v. | MEMORANDUM[*] |
| J. DHALIWAL; et al., |  |
| Defendants - Appellees. |  |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted February 24, 2016[**]

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Federal prisoner Lawrence Christopher Redding appeals pro se from the

district court's summary judgment in his action brought under *Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleging deliberate indifference to his serious medical needs and retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Doe v. Abbott Labs*, 571 F.3d 930, 933 (9th Cir. 2009). We may affirm on any basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Redding's deliberate indifference claim against defendants Dhaliwal and Davis because Redding failed to raise a genuine dispute of material fact as to whether those defendants delayed or denied Redding appropriate medical treatment. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (to be deliberately indifferent, treatment must be medically unacceptable under the circumstances and chosen in conscious disregard of an excessive risk to a prisoner's health); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (negligence in diagnosing a medical condition, without more, does not constituted deliberate indifference).

Summary judgment was proper on Redding's retaliation claims against defendants Dhaliwal and Tovar because Redding failed to raise a genuine dispute of material fact as to whether their actions did not advance a legitimate correctional goal. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth elements of a retaliation claim in the prison context).

The district court properly granted summary judgment on Redding's retaliation claim against defendant Jacquez because Redding failed to raise a genuine dispute of material fact as to whether Jacquez took an adverse action against him. *See id.*

We reject as unsupported by the record Redding's contentions that the district court failed to consider his retaliation claims against defendants Keene and Zimmerman, and that the district court failed to consider his evidence and pleadings.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**