NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL HARTSON FLETCHER, | No. 17-35936 |
| Plaintiff-Appellant, | D.C. No. 6:15-cv-00104-DLC |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted December 17, 2018[**]

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Paul Hartson Fletcher appeals pro se from the district court's summary judgment in his Federal Tort Claims Act ("FTCA") action alleging medical malpractice. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir. 1988). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Fletcher failed to adduce expert testimony and therefore failed to raise a genuine dispute of material fact as to whether defendant committed medical malpractice. *See Jackson v. United States*, 881 F.2d 707, 712 (9th Cir. 1989) (substantive state law applies in FTCA actions); *Beehler v. E. Radiological Assocs., P.C.*, 289 P.3d 131, 136 (Mont. 2012) (setting forth elements of a negligence claim under Montana law and declining to apply the "common knowledge" exception to the expert testimony requirement); *Griffin v. Moseley*, 234 P.3d 869, 875 (Mont. 2010) ("[A] plaintiff has the burden in a medical malpractice case of presenting evidence on the medical standard of care 'by expert medical testimony unless the conduct complained of is readily ascertainable by a layman.'" (citation omitted)).

The district court did not abuse its discretion by denying Fletcher's motions for appointment of counsel because Fletcher did not demonstrate any exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-35936