NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAUREL CHASTAIN; et al., | No. 18-56592 |
| Plaintiffs-Appellants, | D.C. No. 8:17-cv-01388-JVS-KES |
| v. | |
| POYNTER LAW GROUP, an Arkansas limited liability company; SCOTT EMORY POYNTER, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted April 17, 2020**
Pasadena, California

Before: W. FLETCHER and LEE, Circuit Judges, and SETTLE,*** District Judge.

Plaintiffs-Appellants Laurel Chastain, Paulette Guyton, John Hays, Jayda

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

Griffin, Jennie Bartz, and Michelle Afont ("Appellants") appeal the district court's order granting summary judgment on their legal malpractice and breach of fiduciary duty claims in favor of Defendants-Appellees Poynter Law Group and Scott Emory Poynter (collectively "Poynter"). Appellants alleged that Poynter mishandled a mass tort action brought on behalf of a group of flight attendants including Appellants in California state court. Appellants argue that the district court erred in holding that Appellants failed to provide necessary expert testimony in support of their legal malpractice claim and in holding that their breach of fiduciary duty claim impermissibly duplicated their legal malpractice claim.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment and its interpretation of state law. *Garcia v. PacifiCare of Cal., Inc.*, 750 F.3d 1113, 1115 (9th Cir. 2014). On de novo review, the panel must affirm the district court's decision "if the result is correct 'although the lower court relied upon a wrong ground or gave a wrong reason.'" *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 892 (9th Cir. 2019) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)). We affirm.

The district court properly granted summary judgment on Appellants' legal malpractice claim because they failed to provide necessary expert testimony in support of the claim. Though California's expert testimony requirement in a legal malpractice action contains a common knowledge exception, *Vaxiion Theraputics,*

*Inc. v. Foley & Lardner LLP*, 593 F. Supp. 2d 1153, 1165 (S.D. Cal. 2008) (citing

*Lipscomb v. Krause*, 87 Cal. App. 3d 970, 975 (Cal. Ct. App. 1978); *Hutchinson v.*

*United States*, 838 F.2d 390, 392 n.1 (9th Cir. 1988)), the district court correctly

determined that neither choosing a strategy to prove causation in a mass toxic tort

action nor preparing an expert witness to testify on causation is within a jury's

common knowledge. Thus, the district court correctly determined that as

Appellants had the burden to supply expert testimony in support of their claim that

Poynter breached the professional standard of care, their failure to do so on

summary judgment was dispositive. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986).

The district court also properly granted summary judgment for Appellants'

breach of fiduciary duty claim, though we affirm on slightly different grounds. The

district court reasoned that though no California precedent explicitly prohibited

fiduciary duty claims premised on the same factual allegations as legal malpractice

claims, substantial extra-jurisdictional authority supported the prohibition. It

concluded that Appellants had failed to show how the allegations underlying the

two claims were not duplicative.

Without substantive California authority clearly prohibiting these particular

overlapping claims, it is not clear that factual duplication on its own provides an

appropriate basis to dismiss every breach of fiduciary duty claim with the same

factual predicate as a legal malpractice claim. Federal Rule of Civil Procedure 8(d) provides that if a party pleads in the alternative, "the pleading is sufficient if any one of [the claims] is sufficient." *See Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citing Fed. R. Civ. P. 8(d)) (reversing dismissal of quasi-contract claim in false advertising case because finding that cause of action is duplicative of or superfluous to other claims "is not grounds for dismissal").

Appellants are correct that California courts distinguish between legal malpractice and breach of fiduciary duty causes of action, *Mosier v. S. Cal. Physicians Ins. Exch.*, 74 Cal. Rptr. 2d 550, 565 (Cal. Ct. App. 1998) (citations omitted), and require expert testimony in the former but not the latter, *Vaxiion*, 593 F. Supp. 2d at 1170 (citing *Stanley v. Richmond*, 41 Cal. Rptr. 2d 768, 776 (Cal. Ct. App. 1995)). Appellants argue the district court thus improperly applied the expert testimony requirement to their breach of fiduciary duty claim. We hold that the district court correctly reasoned that though Appellants had argued Poynter's refusal to permit them to testify violated the duty of loyalty, that allegation actually implicated legal strategy and legal malpractice rather than the fiduciary duty of loyalty.

We thus find that summary judgment on Appellants' breach of fiduciary duty claim was proper, not because duplicative claims are necessarily impermissible, but because the claim was actually for legal malpractice outside the

common knowledge exception, which required expert testimony. *See Hoagland ex. rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 744 (7th Cir. 2004) (mislabeling a claim to plead around an expert testimony requirement is "the kind of formalist move that courts rightly reject"). As Appellants did not provide expert testimony on either claim, summary judgment was warranted. *Celotex*, 477 U.S. at 322.

**AFFIRMED.**